# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5174 | **DATE** | 3/27/2002 |
| **CASE TITLE** | Johnson vs. Around the Clock Security | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: The parties are allowed to hear and review the tapes without incurring liability or waiving any rights. However, the court's opinion does not hold that the tapes are admissible. The parties will have to conduct additional discovery on this issue before the District Court or this Court decides the question of admissibility. Status hearing set for 4/2/02 is stricken and reset to 4/30/02, the date of the close of discovery.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 8 2002 | |
| | Notified counsel by telephone. | | date docketed | /5 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3/27/2002 | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| KF | courtroom deputy's initials | 02 MAR 27 PM 1: 33 | KF | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



MAR 2 8 2002

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HENRIETTA JOHNSON,       )
                                  )
        **Plaintiff,**           )
                                  )    **No. 01 C 5174**
        **v.**                        )
                                  )    **Judge Wayne Andersen**
**AROUND THE CLOCK SECURITY, INC.**   )    **Mag. Judge Mason**
                                  )
        **Defendant.**         )

### MEMORANDUM OPINION AND ORDER

Henrietta Johnson, the plaintiff in this employment discrimination case, alleges that an employee of defendant Around the Clock Security ("ARTC"), Miguel Rivera, promised to get her a job with the company if she would engage in sexual intercourse with him. Over the course of about three months, the two did have intercourse on several occasions – but the promised job never materialized.[1] Disillusioned with Rivera, Johnson surreptitiously tape recorded him on three occasions, allegedly offering her a job in exchange for sex. The parties seek guidance on the use of the tapes – which were made in violation of the Illinois Eavesdropping Act, 720 ILCS 5/14 *et. seq.* – in this federal court proceeding. As we explain below, although we find that violation of the Illinois Eavesdropping Act ("the Act") does not *per se* bar the use of recordings in federal proceedings, we have serious concerns about the admissibility of these tapes, given questions about their authenticity and chain of custody.

According to the briefs submitted by the parties, Johnson made the tape recordings

---

[1] Rivera denies that he ever promised Johnson a job in exchange for sex and contends that the two had an entirely consensual relationship that began when both worked for a different security company.

15

in March, 2001 and soon thereafter retained counsel and filed her lawsuit. Johnson's lawyers say that after Johnson told them of the existence of the tapes, she lost them for some period of time; she also lost the tape recorder she had used after her son broke it. Johnson did not list the tapes on her Rule 26(a)(1) initial disclosures to the defendant.[2] At some point, Johnson found the tapes and gave them to her lawyers. On January 14, 2002, Johnson's lawyers informed ARTC about the existence of the tapes by letter, explaining that two of the tapes were inaudible but that in the third, Rivera "guarantees" Johnson employment for sex. Johnson objected to an interrogatory which sought to determine when she first told her lawyers about the tapes and with whom the contents were shared. Rivera only learned of the existence of the tapes a few minutes before plaintiff was to begin deposing him; this Court ordered that the deposition should not go forward until the question of the tape's use was settled. So far, ARTC, Rivera, and their lawyers have not listened to the tapes.

Under the Illinois Eavesdropping Act, a person may not record any part of a conversation unless he or she receives permission from all parties to the conversation. 720 ILCS 5/14-2(a)(1). Evidence obtained in violation of the Act is not admissible in any civil or criminal trial, or any administrative or legislative proceeding, nor in any grand jury proceeding. *Id.* § 14-5.

Only two federal cases discuss the applicability of the Act to proceedings in federal court where federal law provides the rule of decision. In *Mingo v. Roadway Express*, 135 F.Supp.2d 884, the Court excluded a recording made in violation of the Act based solely

---

[2] It is not clear from the briefs whether Johnson's lawyers knew about the existence of the tapes when they filed her initial disclosures, but ARTC states in its brief that Johnson's lawyers told them it withheld disclosure of the tapes based on the advice of separate legal counsel.

on the above exclusionary rule without briefing from the parties on the issue and without considering the law and arguments addressed below. In *Glinski v. City of Chicago*, No. 99C3063, 2002 WL 113884 (N.D.III., Jan. 29, 2002), the Court undertook a more in-depth analysis of the Act's use in federal court and held that the Act did not apply if federal law governed the case.

*Glinski* concerned the secret taping by the plaintiff of one of the defendants in a § 1983 civil rights case. The court reviewed Seventh Circuit precedent which held that the Act does not apply in administrative proceedings under federal law, *NLRB v. Local 90, Operative Plasterers and Cement Masons; Int'l Assn.*, 606 F.2d 189, 192) (7th Cir. 1979) or in federal criminal prosecutions, *United States v. Krol,* 374 F.2d 776 (7th Cir. 1967), and decided that the Act should similarly not apply in civil proceedings in federal court where federal law provides the rule of decision. Thus, the Act's exclusionary rule would not be applied to the plaintiff's federal claims and the tape and its transcript could be used in court.[3]

In this case, ARTC recognizes the holding of *Glinski* but argues that in a Title VII case such as this, the Act is an indirect bar to the use of recordings made in violation of it. Defendant's reasoning appears to be that because Johnson violated the Act when she made her recording, use of the tape in federal court will give defendant a cause of action against her for that violation. Specifically, ARTC argues that Johnson should be required to disgorge any monetary settlement or award she receives from her lawsuit pursuant to the Act's damages clause. 720 ILCS 5/14-6. We disagree. Because we hold that the Act

---

[3] The *Glinski* Court recognized that the Act applied to that case's pendant state law claims and scheduled a hearing to determine the applicability of the Act's exception that no violation occurs if the individual making the recording does so in the belief that a crime is about to be committed.

does not apply to federal court proceedings where federal law provides the rule of decision, then Johnson cannot be held liable for violating the Act; technically, there is no violation of the Act for Title VII purposes and ARTC cannot obtain damages.

Our holding will allow the parties to hear and review the tapes without incurring any liability or waiving any rights. However, our opinion does not hold that the tapes are admissible. As we explained above, there are serious questions about the authenticity of the tapes that may render them inadmissible. The parties will have to conduct additional discovery on this issue before the District Court or this Court decides the question of admissibility. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: March 27, 2002