# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge If Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| CASE NUMBER | 01 C 5174 | DATE | 9/27/2002 |
| CASE TITLE | Johnson vs. Around the Clock Security | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion to exclude evidence related to tape recordings [27-1] is granted. Enter Memorandum Opinion and Order. All matters relating to the referral of this case having been completed, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 27 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 45 |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| KF | courtroom deputy's initials | 02 SEP 27 AM 7:51 date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HENRIETTA JOHNSON, )
)
    Plaintiff, )
)
v. ) No. 01 C 5174
)
) Judge Wayne Andersen
AROUND THE CLOCK SECURITY, INC. ) Mag. Judge Mason
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Henrietta Johnson, the plaintiff in this employment discrimination case, alleges that an employee of defendant Around the Clock Security ("ARTC"), Miguel Rivera, promised to get her a job with the company if she would engage in sexual intercourse with him. Over the course of three months, Johnson and Rivera had sexual intercourse on several occasions – but the job never materialized. Rivera denies that he promised Johnson a job for sex and claims that they had an entirely consensual relationship that began when both worked for a different security company. Johnson, in an effort to substantiate her claim, taped several of their conversations by hiding a tape recorder in her purse.

ARTC seeks to bar the resulting three tapes from evidence based on two theories.[1] First, ARTC alleges that the tapes are an inauthentic and unreliable record of the conversations because the tapes' chain of custody was broken between the time they were recorded and the time they were given to defendant's attorneys. Second, ARTC alleges

---

[1] Plaintiff argues – without providing any case law – that the motion to exclude is premature because she has not yet sought to introduce the tapes as evidence, and this type of motion is more properly brought as a motion in limine before trial. However, we believe it is appropriate to consider the defendant's motion now, since our decision bars the plaintiff from using the tapes for any pre-trial purpose, such as in a dispositive motion.

that plaintiff failed to disclose the tapes to the defendants in her Federal Rule of Civil Procedure Rule 26(a) initial disclosures, and therefore the Court should impose sanctions in accordance with Federal Rule of Civil Procedure Rule 26(g)(3), barring their admission.

The following facts are taken from the various pleadings and exhibits the parties have filed in this case, and set forth each sides' position. Except where noted, we make no determination as to the truth of any allegation. Johnson recorded conversations with Rivera on three occasions in February and possibly March, 2001, using two or three audio tapes.[2] Not long after, she retained counsel to file suit against ARTC, alleging that she was the victim of *quid pro quo* sexual harassment. On March 14, 2001, at their initial meeting, Johnson told her attorneys that she had tape recorded Rivera promising her a job for sex. But prior to this initial meeting, during a move, Johnson apparently lost the tapes, which she had previously placed in a purse. The recorder she used to tape the conversations was broken by her son and then lost as well. Johnson finally found the purse containing the tapes under boxes in her closet and officially turned the tapes over to her attorneys on January 4, 2002. Subsequently, defendant's attorneys were informed of the existence of these tapes on January 14, 2002, a full ten months after plaintiff's counsel learned of them.[3]

In the meantime, on August 29, 2002 Johnson submitted a statement of initial disclosures to the defendant, pursuant to Rule 26(a)(1). This disclosure made no mention of any audiotapes.

---

[2] Upon the Court's order, plaintiff's attorney submitted the tapes to us for safekeeping in July, 2002. Because two of the three tapes are almost inaudible, it is not clear whether all three contain conversations between Rivera and Johnson.

[3] The defendant first became aware of the tapes immediately prior to the scheduled deposition of Rivera, who was also unaware of their existence until that time.

2

**Analysis**

### 1. Chain of Custody

The defendant, ARTC, argues that the audiotapes are not an accurate or authentic recording of the conversation between Johnson and Rivera because the chain of custody was broken between the time they were recorded and the time they were given to defendant's attorneys. ARTC supports its claim with reference to the recordings themselves, one of which, it claims, has been partially deleted and another of which has been altered to include part of another tape. ARTC contends that either the plaintiff altered the tapes herself, or gave someone else the opportunity to alter them.

Johnson contends in response that there is no evidence to show that the tapes have been altered, although she does not deny that part one tape has been deleted and part of another re-recorded. In addition, Johnson argues that ARTC never showed that the tapes were not actually in her closet.

In general, audio tapes are admissible as evidence. *Smith v. City of Chicago*, 242 F.3d 737, 741 (7th Cir. 2001). However, their admissibility is contingent on the authenticity of the original tape recording. *Id.* Any determination of authenticity is made pursuant to Federal Rule of Evidence 901(a) which requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." *United States v. Boyd*, 208 F.3d 638, 644 (7th Cir. 2000).

To authenticate a tape in a civil case, the Seventh Circuit has previously applied the criminal standard of authentication, requiring that the party "must prove by clear and convincing evidence that the tape is a true, accurate, and authentic recording of the conversation, at a given time, between the parties involved." *Smith*, 242 F.3d at 741. Clear

and convincing evidence can be found in two ways. First, the proponent can show the tape's chain of custody is intact. *Id.* Second, if the chain of custody is imperfect, the evidence can be admitted if there is other proof of its accuracy and trustworthiness. *Id.* at 741-742.

Johnson has in no way shown even mildly persuasive evidence that the audiotapes are true, accurate or authentic. Contrary to Johnson's proposal, this Court will not assume the tapes are authentic without any additional supporting proof. Johnson admits that she did not know where the tapes were during the nearly eleven months they were lost, presently has no proof of their whereabouts during this time, and only conjectures that they were in her closet. Thus, Johnson has shown only that the tapes' chain of custody is unreliable and imperfect.

In addition, Johnson has presented no other evidence as to the tapes' accuracy or trustworthiness. In *United States v. Brown*, the court held that an audio recording was accurate and trustworthy where the informant recording the tapes testified that the tapes were in the same condition in which he last saw them, confirmed that the tapes were accurate recordings of the conversation that occurred, and recognized identifying marks that he placed on the tapes. 136 F.3d 1176, 1182 (7th Cir. 1998). Furthermore, two eyewitness corroborated his testimony. *Id.*

Johnson, on the other hand, has a hazy memory of the circumstances surrounding the original tape recordings. During her deposition, she did not remember when the recordings had taken place, whether she had used two or three tapes to make the recordings, or how long after she found the tapes she gave them to her lawyers. Considering her own uncertainty regarding crucial facts, we question whether she would

4

be able to discern if the tapes' content had been modified. In addition, according to her testimony, Johnson did not play the tape for anyone at any time, and there are no witnesses to her encounters with Riviera. More disturbing, however, is the fact that the tapes have very possibly been altered. Even without expert testimony, it appears that one tape contains deletions and another a duplication of tape three.[4] Therefore, this court cannot admit the audio tapes in evidence because they are neither accurate nor trustworthy.

### 2. Rule 26(a) violation

Next, defendant ARTC argues that Johnson should be sanctioned pursuant to Rule 26(g)(3) for not disclosing the audio tapes when her attorneys certified that they had disclosed all evidence in accordance with Rule 26(a)(1). ARTC urges the court to dismiss the case outright, or exclude the audiotapes from evidence. In the alternative, ARTC contends that the non-disclosure was in bad faith and that the fact finder should receive an instruction that the production of the tapes in a timely manner in their original form would have been unfavorable to the plaintiff.

Johnson responds that the omission was justified because it was unintentional. Moreover, Johnson contends that the omission was harmless because the parties were only in the beginning stages of discovery.

Although the plaintiff's counsel's behavior in not disclosing the existence of the tapes is questionable, this Court will not impose any additional sanctions other than the exclusion

---

[4] These last statements are contingent upon another review of the tapes in question. The Court listened to the two supposedly altered tapes and noted consistencies with the defendant's argument that they had been altered, but the poor quality of the recording prevents us from making a definitive determination. However, the plaintiff never denies that there is a copy of one tape on another or that one tape has been deleted.

of the tapes from evidence at this time. Defendant's motion to exclude the audio tapes from evidence is granted. It is so ordered.

> ENTER:
>
> *[signature: Michael T. Mason]*
>
> MICHAEL T. MASON
> United States Magistrate Judge

Dated: September 27, 2002